UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENNETH W. SULLIVAN,

                Petitioner,

v.                                  Case No. 5:06-cv-357-Oc-10GRJ

WALTER A. MCNEIL, et al.,

                Respondents.

**ORDER**

**I. Status**

Petitioner Kenneth W. Sullivan, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on September 26, 2006 (according to the mailbox rule). He filed an Appendix (Doc. #5). Petitioner challenges a 2004 state court (Lake County, Florida) judgment of conviction for driving while license suspended or revoked, possession of cannabis under 20 grams and possession of paraphernalia on one ground: Florida Statute 322.34(5) violates the Ex Post Facto Clause of both the state and federal constitutions.

On January 29, 2007, Respondents filed a Response to Petition (Doc. #6) (hereinafter Response). Petitioner's Response to Secretary's Response to Petition (Doc. #8) was filed on February 7, 2007, pursuant to the mailbox rule. See the Court's Order (Doc. #4).

## II. Procedural History

Petitioner was charged by information with the above-mentioned offenses,[1] with the specification that the offenses occurred on November 10, 2003.[2] Ex. A. Petitioner pled nolo contendere and was sentenced to five years probation on count one, time served on count three, and one year probation on count two (adjudication withheld on count two). Ex. B at 27, 40-50. No appeal was taken.

Petitioner filed a Rule 3.850 motion asserting the ineffectiveness of trial counsel, Ex. D, the state replied, Ex. F, and, apparently, there has been no ruling on the motion.[3] Petitioner filed a writ of habeas corpus in the Fifth District Court of Appeal, contending that his period of driving suspension had elapsed before he was arrested and that applying a law that had changed after his suspension elapsed violates the prohibitions of the Ex Post Facto Clause. Ex. K. The petition was denied December 9, 2005. Ex. L.

A Violation of Probation Affidavit was filed on December 28, 2005, alleging that Petitioner was arrested for driving with

---

[1] The information charges, in count one, that Petitioner, while his driver's license was canceled, suspended or revoked pursuant to Florida Statute 322.264 (habitual offender), drove a motor vehicle upon the highways of the state, in violation of Florida Statutes 322.34(5) and 322.264.

[2] The Court hereinafter refers to Respondents' Appendix (Doc. #7) as "Ex."

[3] Respondents have not supplemented the record with a ruling on this motion.

license suspended or revoked (felony) on December 22, 2005. Ex. M. Petitioner filed a Petition for Writ of Habeas Corpus in the Supreme Court of Florida, alleging the same claim he raises in this Petition (Doc. #1). Ex. N. The Supreme Court of Florida transferred the petition to the circuit court on April 12, 2006, for consideration as a motion for post conviction relief pursuant to Rule 3.850 or 3.800(a). Ex. O. The state responded, Ex. P, and the trial court denied the petition. Ex. Q. Petitioner appealed, Ex. R, and the Fifth District Court of Appeal affirmed per curiam. Ex. T.

Petitioner's probation was revoked, and he was sentenced to five years in prison as to count one, and to time served as to count two. Ex. U. Petitioner appealed. Ex. V. Apparently, the appeal is pending.[4]

### III. Evidentiary Hearing

The pertinent facts of the case are fully developed in the record before the Court. Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). No evidentiary proceedings are required in this Court. See High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001). The Court can "adequately assess [Petitioner's] claim[s] without further factual development."

---

[4] Again, the Respondents have not supplemented the record with a ruling by the state court.

Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

## IV. Standard of Review

Since the habeas petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA), the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA. This standard of review was recently described by the Eleventh Circuit:

> Under AEDPA's "highly deferential" standard of review, Parker v. Sec'y for Dep't of Corr., 331 F.3d 764, 768 (11th Cir. 2003), a federal court may not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the Untied States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor; 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

Williams v. Allen, 542 F.3d 1326, 1336 (11th Cir. 2008), cert. denied, No. 08-1032, 2009 WL 381970 (U.S. May 18, 2009).

Under 28 U.S.C. § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of

4

the evidence presented in the state court proceeding. Furthermore, AEDPA "also directs that a presumption of correctness be afforded factual findings of state courts, which may be rebutted only by clear and convincing evidence. See id. at § 2254(e)(1). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005). Thus, to the extent that Petitioner's claim was adjudicated on the merits in the state courts, it must be evaluated under the new § 2254(d).

## V. Timeliness of the Petition

Respondents concede that the federal habeas petition was timely filed. Response at 4-5.

## VI. Exhaustion

Ground one has been exhausted and is not procedurally defaulted. Response at 6-7.

## VII. Ex Post Facto

The Eleventh Circuit, in <u>Trotter v. Sec'y Dep't of Corr.</u>, 535 F.3d 1286, 1290-91 (11th Cir.), <u>cert</u>. <u>denied</u>, 129 S.Ct. 767 (2008), addressed the meaning of the Ex Post Facto Clause:

> Article I, Section 10, of the United States Constitution states, "No State shall . . . pass any . . . ex post facto law . . . ." In one of the earliest of notable decisions of the Supreme Court, <u>Calder v. Bull</u>, Justice Chase recognized that this "prohibition . . . necessarily requires some explanation; for, naked and without explanation, it is unintelligible," and "state[d] what laws [he] consider[ed] ex post facto laws, within the words and the intent of the prohibition":
>
>> 1st. Every law that makes an action, done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2nd. Every law that aggravates a crime, or makes it greater than it was, when committed. 3rd. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.
>
> 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798) (Chase, J.). "Early opinions of the [United States Supreme] Court portrayed this as an

6

exclusive definition of ex post facto laws," Collins v. Youngblood, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990), and decisions of the Supreme Court in recent years have confirmed that Justice Chase's definition in Calder remains exhaustive, Carmell v. Texas, 529 U.S. 513, 539, 120 S.Ct. 1620, 1636, 146 L.Ed.2d 577 (2000); Collins, 497 U.S. at 45-46, 110 S.Ct. at 2721.

## **VIII. Ground One**

In his first ground, Petitioner asserts that his conviction was obtained in violation of the Ex Post Facto Clause.[5] In denying Petitioner's claim, the circuit court found:

> Relying on Perryman v. State, 744 So.2d 1031 (Fla. 4th DCA 1997), the Defendant argues that the plain language of §322.34, Fla. Statute (1995) prohibits the State from charging a defendant who had been designated an habitual traffic offender under § 322.264 with a felony for his next offense under the statute. He acknowledges his prior convictions for driving while license was cancelled/revoked/suspended in Volusia and Putnam Counties, but asserts that these convictions fall under the Huss doctrine and, therefore, the prior convictions cannot be considered to designate him an habitual traffic offender.
>
> The Defendant also argues that under § 322.34(2)(a), Fla. Stat., the term "habitual traffic offender" went from being a label or status to being a separate and distinct felony

---

[5] Section 322.34(5), Florida Statutes (1997), made it a third degree felony to drive in Florida after having a license suspended or revoked as a habitual traffic offender, and the statute went into effect on October 1, 1997. Petitioner's offense occurred on November 10, 2003, long after the effective date of the change from a first degree misdemeanor to a third degree felony for this type of offense. Santiago v. State, 731 So.2d 787 (Fla. 1st DCA 1999) (per curiam).

7

under § 322.34(5), Fla. Stat. (1997). The Defendant asserts that the use of Florida Statute § 322.34(5) is a direct violation of the Ex Post Facto Clauses of the Florida and United States Constitutions since the felony charge of driving while license suspended has a more severe punishment than when he was previously labeled an habitual traffic offender. Citing <u>Huss v. State</u>, 771 So.2d 591 (Fla. 1st DCA 2000), he argues that all his prior convictions had been received under the previous version of the statute. He notes that under the previous version of the statute, he would have been charged with a misdemeanor whereas, now, he was charged with a felony.

The State correctly argues that the Defendant's reliance on the <u>Perryman</u> decision is misplaced. The Defendant admits that he was previously designated an habitual traffic offender. The Defendant's offense date is 2003 and <u>Perryman</u> involved an application of the statute in 1995. In 1997, the statute was amended to what is now § 322.34(5). Section 322.34(5) provides in relevant part: "Any person whose driver's license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775. 084." Thus, the State did not err in charging him with a felony for his latest offense.

The Defendant's argument that his prior convictions cannot be considered to designate him an habitual traffic offender also fail. In <u>Warren v. State</u>, 856 So.2d 1095, appellant argued that, under <u>Huss</u>, his trial counsel was ineffective for failing to object to the charge of driving with a suspended or revoked license being reclassified as a felony. The Court stated:

> unlike the situation in <u>Huss</u>, in the instant case Warren was charged with

8

> driving with a suspended or revoked license as a habitual traffic offender pursuant to section 322.34(5). Additionally, the attachments to the trial court's order reflect that the Department of Highway Safety and Motor Vehicles had designated him as a habitual traffic offender back on April 19, 1989, Consequently, as the trial court observes in its order, it is the fact that the Department has designated Warren as a habitual traffic offender "based on his driving record, and has thereby revoked his license, and not the underlying traffic offenses themselves, which is the element of the offense." **In light of this circumstance, the state was only required to prove that Warren's license was suspended or revoked as a habitual traffic offender and that he drove a vehicle upon the highways of the State of Florida.** As we explained in Bowen v. State, 833 So.2d 288, 289 (Fla. 5th DCA 2002), "Huss has no application to a prosecution under section 322.34(5) for driving while license is suspended as a habitual offender."

Id. at 1096-97. (citations omitted). This Court finds that the Fifth District's reasoning in Warren is directly applicable in this instance, and, consequently, the Defendant's argument is without merit. Defendant's last argument, i.e., that under § 322.34(2)(a) the term "habitual traffic offender" went from being a label or status to being a separate and distinct felony under § 322.34(5) is equally without merit. Under section 322.34(5), designation as a "habitual traffic offender is an element of the offense and not an independent offense. The above stated arguments provide the foundation for the Defendant's argument that Ex Post Facto

9

>     Clauses of the United States Constitution and
>     the Florida Constitution have been violated
>     and, therefore, because there [sic] are
>     without merit, his Motion is denied.

Ex. Q at 279-81 (emphasis added).

Post conviction relief was denied. Ex. Q. The trial court's decision was affirmed on appeal. Ex. T. The decisions of the circuit court and the Fifth District Court of Appeal are entitled to deference under AEDPA. The adjudication of the state trial and appellate courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground one because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

In the alternative, on the merits, Petitioner has not shown that his conviction was obtained in violation of the Ex Post Facto Clause. In 1997, the Florida Statutes were amended. The offense for which Petitioner was convicted is defined as a felony of the third degree. Petitioner was convicted of driving while his license was suspended or revoked as a habitual traffic offender. As noted by the Fifth District Court of Appeal in Warren v. State, 856 So.2d 1095, 1097 (Fla. 5th DCA 2003) (citation omitted), "the

state was only required to prove that [Petitioner's] license was suspended or revoked as a habitual traffic offender and that he drove a vehicle upon the highways of the State of Florida."

## IX. Conclusion

Any other claims not specifically addressed are found to be without merit. Accordingly, for all of the above-stated reasons, the Petition will be denied and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

3. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Ocala, Florida, this 25th day of June, 2009.

UNITED STATES DISTRICT JUDGE

sa 6/19
c:
Kenneth W. Sullivan
Ass't Attorney General (McGuigan)

11